# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE ROY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 15-175-JHP-SPS |
| ) | |
| OKLAHOMA DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on Defendants Oklahoma Department of Corrections, Tyrone Spears, and Tom Logan's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The court has before it for consideration Plaintiff's complaint (Dkt. 1) and the defendants' motion (Dkt. 16). Plaintiff has not filed a response.

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections and incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma. The defendants are the Oklahoma Department of Corrections and three JBCC officials: Tyrone Spears, F.S.S. IV; Tammy Trouche, F.S.S.; and Tom Logan, Chaplain.

Plaintiff alleges his First Amendment rights were violated by Defendant Tyrone Spears and Spears' supervisor, Defendant Tammy Trouche. He asserts that on April 20, 2015, he was a victim of foul and abusive language by Spears. (Dkt. 1 at 3). On April 26, 2015, Plaintiff allegedly was retaliated against, in violation of the First Amendment, for having filed a complaint about the incident. *Id*. at 3-4.

Plaintiff further alleges he agreed to eat only Kosher food, but on April 26, 2015, Defendant Spears claimed that Plaintiff held a non-Kosher item in his hand. *Id*. at 3. Plaintiff, however, contends the item actually was Kosher. *Id*. As a result of Plaintiff's

violation of his DOC dietary agreement, he was suspended from a Kosher diet for 30 days. *Id*. at 8.

**Defendant Tammy Trouche**

On October 28, 2015, Plaintiff was directed to show cause within fourteen days why Defendant Tammy Trouche should not be dismissed from this action for Plaintiff's failure to serve her pursuant to Fed. R. Civ. P. 4(m). (Dkt. 22). Because Plaintiff failed to show cause as directed, Defendant Tammy Trouche is dismissed without prejudice.

**Standard of Review for Fed. R. Civ. P. 12(b)(6)**

A plaintiff must give a "short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2). In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

**Eleventh Amendment Immunity**

Plaintiff is suing the Oklahoma Department of Corrections (DOC), an agency of the State of Oklahoma, and the two remaining DOC employees. The official capacity claims against the defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants Defendants' motion to dismiss all claims against the Department of Corrections and all official-capacity claims against the individual defendants. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Personal Participation**

Defendants Spears and Logan allege Plaintiff has failed to state a claim against them in their individual capacities, because Plaintiff has failed to affirmatively link them to any alleged constitutional violations. Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). *See also Grimsley v. MacKay*, 93 F.3d 676,679 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff has made no allegations against Defendant Tom Logan. Instead, Plaintiff merely names Logan as a defendant and as Chaplain at the facility. (Dkt. 1 at 2). Plaintiff does not allege any involvement by Logan in the alleged First Amendment violation or any other constitutional violation. Therefore, Plaintiff has failed to state a claim against Logan, and Defendant Logan is dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's claims against Defendant Tyrone Spears also fail. According to the complaint, Spears reported he saw Plaintiff take a non-Kosher item from another offender

and put it in his pocket. (Dkt. 1 at 7). When Spears told Plaintiff that taking the item had terminated his Kosher meals, Plaintiff quickly removed the item from his pocket and threw it at Spears. *Id.*

Plaintiff does not dispute that he possessed the food item in question. *Id*. at 10-11. He filed a grievance objecting to the 30-day suspension from a Kosher diet for having taken the item. *Id*. at 10. The grievance claimed that Defendant Spears and Trouche conspired and retaliated against him "by taking away [his] religious right to eat Kosher." *Id.*

After investigating the matter, Warden Emma Watts stated in her response to the grievance that Plaintiff was in possession of the non-Kosher food item and denied relief. *Id*. at 8. Watts based her decision on DOC Policy OP-030112, "Religious Meals Agreement," which Plaintiff signed. *Id*. at 3; (Dkt. 16-1). Plaintiff was sanctioned in accordance with the agreement. (Dkt. 1 at 8).

Plaintiff cannot claim that Defendant Spears induced him to sign the agreement or to take possession of the juice. Further, Plaintiff does not explain how Spears' monitoring of Plaintiff's compliance with the diet he specifically requested or Spears' report of the incident violated his First Amendment rights. Plaintiff has made no affirmative link of Spears' actions to any violation of Plaintiff's religious beliefs.

As for Plaintiff's claim that Defendants Spears and Trouche conspired and retaliated against him, resulting in a First Amendment violation, the only specific allegations regarding Plaintiff's suspension from the Kosher diet are directed at Spears. (Dkt. 1 at 3, 10). Plaintiff's conclusory allegations, without more, are not sufficient to demonstrate the defendants' personal participation in a conspiracy. "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

Plaintiff also asserts Defendants Spears and Trouche retaliated against him for filing a Request to Staff with the deputy warden on April 20, 2015. (Dkt. 1 at 4). Plaintiff claims he had an exchange with Spears during which Spears twice said a curse word. *Id*. at 4. Plaintiff filed the Request to Staff about the inappropriate language prior to Spears' report

4

about the non-Kosher food item. *Id.* The court finds Plaintiff's allegations are insufficient to show a connection between the Request to Staff the alleged violation of Plaintiff's constitutional rights. Plaintiff has failed to state a claim against Defendant Spears.

**ACCORDINGLY,** the defendants' motion to dismiss (Dkt. 16) is GRANTED. Defendant Tammy Trouche is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to serve Defendant Trouche in accordance with Fed. R. Civ. P. 4(m). The Oklahoma Department of Corrections and the official-capacity claims against Defendants Tyrone Spears and Tom Logan are DISMISSED WITHOUT PREJUDICE, pursuant to the Eleventh Amendment. The remaining claims against Defendants Spears and Logan are DISMISSED WITH PREJUDICE. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 6th day of April 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma